United States District Court
Southern District of Texas

**ENTERED**

February 12, 2021

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODERICK BERNARD DOUGLAS, TDCJ #623071, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-20-2380 |
| BOBBY LUMPKIN, Director,[1] Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Roderick Bernard Douglas (TDCJ #623071) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 ("Petition") (Docket Entry No. 1) to challenge the calculation of a sentence that he received from Harris County, Texas. Douglas has filed a Memorandum [With] Exhibits in Support of Petition for Writ of Habeas Corpus ("Petitioner's Memorandum") (Docket Entry No. 2). He has also filed a Motion Requesting an Evidentiary Hearing (Docket Entry No. 10) and a Motion Requesting Judicial Notice of Adjudicatory Facts (Docket Entry No. 11).

Now pending is Respondent [Bobby Lumpkin]'s Motion for Summary Judgment With Brief in Support ("Respondent's MSJ") (Docket Entry

---

[1]The court substitutes Director Bobby Lumpkin, who has replaced former Director Lorie Davis, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

No. 16), arguing that the Petition is barred by the governing one-year statute of limitations and, alternatively, that Douglas's claims are either procedurally barred or without merit. Douglas has replied with Petitioner['s] Objection to Respondent['s] Summary Judgment of Exhaustion/Limitations/Successive Petition (Rule 5) ("Petitioner's Objection") (Docket Entry No. 19) and Petitioner's [Motion for] Summary Judgment With Brief in Support ("Petitioner's MSJ") (Docket Entry No. 20). After considering all of the pleadings, the state court records, and the applicable law, the court will grant Respondent's MSJ and will dismiss this action for the reasons explained below.

## I. **Background**

Douglas is incarcerated at the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") as the result of two sentences that were imposed against him in the 228th District Court of Harris County, Texas.[2] On July 13, 1992, a jury found Douglas guilty as charged of aggravated robbery and sentenced him to life imprisonment in Cause No. 610086.[3] On July 16, 1992,

---

[2]Petition, Docket Entry No. 1, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[3]Judgment on Jury Verdict of Guilty - Punishment Fixed by Court or Jury, Docket Entry No. 14-1, p. 47; Opinion, Douglas v. State of Texas, No. 01-92-00746-CR (Tex. App. — Houston [1st Dist.] April 15, 1993), Docket Entry No. 14-10, p. 12 (affirming the conviction and life sentence).

Douglas entered a guilty plea and was sentenced to 25 years in prison on additional charges of aggravated robbery lodged against him in Cause No. 614158.[4] The trial court, which presided over both cases, included a cumulation order in the judgment, stating that the 25-year sentence in Cause No. 614158 shall begin when the sentence imposed in Cause No. 610086 "ceases to operate."[5] In other words, the sentences were stacked by the trial court to be served consecutively.

Douglas does not challenge the validity of either conviction. Instead, he takes issue with an error made by prison officials during the intake process that was not discovered until June 8, 2018.[6] During an audit performed by parole officials it was determined that Douglas's consecutive sentence in Cause No. 614158 was incorrectly recorded upon his reception at TDCJ as a concurrent sentence.[7] As a result of the error, Douglas contends that he was improperly evaluated for parole eligibility between September 2006 and September 2016, under a provision or policy found in the Texas Administrative Code that applied to concurrent sentences.[8] Douglas

---

[4]Judgment on Plea of Guilty or Nolo Contendere Before Court - Waiver of Jury, Docket Entry No. 14-15, p. 92.

[5]Id. at 93.

[6]Petition, Docket Entry No. 1, p. 10.

[7]Id.; TDCJ Inmate Tracking System Commitment Data Form, Exhibit H to Petitioner's Memorandum, Docket Entry No. 2, p. 6.

[8]Petitioner's Memorandum, Docket Entry No. 2, p. 2.

-3-

reports that he was found eligible for early release under the incorrect application of this policy, but that the Texas Board of Pardons and Paroles ("Parole Board") withdrew its favorable vote once the mistake was discovered.[9]

In a federal habeas Petition that was executed on June 22, 2020,[10] Douglas contends that he is entitled to relief for the following reasons:

1. His guilty plea in Cause No. 614158 was rendered involuntary when the "State" breached the plea bargain agreement by incorrectly processing his consecutive sentence as concurrent.

2. The cumulation order entered by the trial court, which imposed the sentence in Cause No. 614158 to run consecutively, should be ruled invalid because the judgment conflicts with actions taken by parole officials who wrongly applied the review policy for concurrent sentences.

3. Parole officials failed to calculate his time correctly and negligently determined that he was eligible to participate in a parole program under an incorrect application of state policy.

4. His right to due process was violated when parole officials incorrectly determined his parole eligibility under the policy governing concurrent sentences.

5. His right to equal protection was violated when parole officials failed to review his eligibility

_____

[9]Id.; Petition, Docket Entry No. 1, p. 7.

[10]The Petition was received on July 6, 2020, but it is dated June 22, 2020. See Petition, Docket Entry No. 1, pp. 1, 11. Using the date most favorable to Douglas, the court considers that the Petition was filed on June 22, 2020, under the mailbox rule that applies to pro se prisoner pleadings. See Richards v. Thaler, 710 F.3d 573, 578-79 (5th Cir. 2013).

-4-

for early release under the correct policy for
consecutive sentences.[11]

Citing "conflict and confusion" in the execution of his sentence,
Douglas asks this court to invalidate the trial court's judgment,
which imposed a consecutive sentence in Cause No. 614158, and to
reinstate the Parole Board's vote in favor of his release.[12]

The respondent argues that the Petition must be dismissed
because it is untimely and barred by the governing one-year statute
of limitations on federal habeas corpus review.[13]  The respondent
argues further that Douglas's claims fail for alternative reasons
because his first claim for relief is unexhausted and the remaining
claims are without merit.[14]

## II.  Discussion

### A.    The One-Year Statute of Limitations

According to the Antiterrorism and Effective Death Penalty Act
of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996),
the Petition is subject to a one-year limitations period found in
28 U.S.C. § 2244(d), which runs from the latest of --

---

[11]Petition, Docket Entry No. 1, pp. 6-8.

[12]Id. at 7 (emphasis eliminated).  The court is mindful that
Douglas represents himself in this action and that all of his
pleadings are entitled to a liberal construction, which "must be
held to less stringent standards than formal pleadings drafted by
lawyers."  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per
curiam) (internal quotation marks and citation omitted).

[13]Respondent's MSJ, Docket Entry No. 16, pp. 4-9.

[14]See id. at 9-17.

-5-

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).   Douglas does not challenge a state court judgment of conviction, and he does not reference a state-created impediment to review or a newly recognized constitutional right made retroactive by the Supreme Court.   Therefore, review of the claims presented in his Petition is governed by the statute of limitations found in § 2244(d)(1)(D).   See Goodwin v. Dretke, 150 F. App'x 295, 298 (5th Cir. 2005) (per curiam) (noting that "[§ 2244(d)(1)(D)] governs the timeliness vel non of the filing of claims predicated on parole decisions").

State court records provided by the respondent contain an affidavit from Charley Valdez, Program Supervisor III for the TDCJ-CID Classification and Records Department, regarding the administration of Douglas's sentence.[15]   Valdez explains that when

---

[15]Affidavit of Charley Valdez ("Valdez Affidavit"), Docket Entry No. 14-17, pp. 76-80.

Douglas was received by TDCJ on September 23, 1992, the 25-year sentence that was imposed in Cause No. 614158 was "inadvertently processed [as] being concurrent to the life sentence [in Cause No. 610086], which made both cases appear to be parole eligible."[16] Valdez reports that on September 19, 2016, Douglas received a favorable vote (an "F1-18R vote") from the Parole Board, approving him for a rehabilitative program.[17]   After completion of this program, Douglas would be eligible for early release on parole within 18-months from the specified date of January 1, 2017.[18]   A parole panel designated July 1, 2018, as the date of Douglas's prospective release.[19]

In preparation for his release, Douglas's "time" was audited by parole officials on June 8, 2018, when it was discovered that the sentence in Cause No. 614158 was intended to run consecutive to the sentence in Cause No. 610086.[20]   Douglas's record was adjusted on June 12, 2018, and the Parole Board withdrew its F1-18R vote that same day.[21]   As a result of the adjustment Douglas received a "CUFI vote" from the Parole Board, meaning that the sentence for

---

[16]Id. at 78.

[17]Id.

[18]Id.

[19]Id. at 79.

[20]Id. at 78.

[21]Id.

Cause No. 610086 ceased to operate, and Douglas's time was recalculated to determine his eligibility for parole on the consecutive sentence he began serving in Cause No. 614158.[22] Under this calculation of the consecutive sentence that he received in Cause No. 614158, Douglas's new date for parole eligibility is September 25, 2023.[23]

The error in calculating his sentences would have been evident to Douglas when the Parole Board withdrew its favorable vote and recalculated his parole eligibility on June 12, 2018. The respondent notes that Douglas would have been aware of his claims no later than July 1, 2018, which was the date that the Parole Board had previously designated as the date he would have been released but for his consecutive sentence in Cause No. 614158.[24] Using the date most favorable to Douglas, the statute of limitations began to run on July 1, 2018, and expired one year later on July 1, 2019. See 28 U.S.C. § 2244(d)(1)(D). The federal habeas Petition executed by Douglas on June 22, 2020, is nearly one year late and is therefore barred by the statute of limitations unless a statutory or equitable exception applies.

---

[22]Id. at 79.

[23]Id.

[24]Respondent's MSJ, Docket Entry No. 16, pp. 6-7 (referencing the affidavit from Charley Valdez, who noted that July 1, 2018, was "the date the parole panel designated as the date Applicant would have been released to parole but for the second [consecutive] sentence"); see Valdez Affidavit, Docket Entry No. 14-17, p. 79.

**B. Statutory Tolling is not Available**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for State post-conviction or other collateral review" is pending shall not count toward the limitations period on federal habeas review. Although Douglas sought collateral review of his claims at the state level, his proceedings do not afford any tolling under § 2244(d)(2) because he waited too long to do so.

Douglas applied for relief through the TDCJ Time Credit Dispute Resolution system on August 9, 2019,[25] but his challenge to the calculation of his parole eligibility was summarily rejected on August 15, 2019.[26] An application for review through the TDCJ Time Credit Dispute Resolution process may toll the statute of limitations for the time that it is pending, up to a maximum of 180 days. See Stone v. Thaler, 614 F.3d 136, 138-39 (5th Cir. 2010). Douglas's application does not toll the statute of limitations for purposes of 28 U.S.C. § 2244(d)(2) because he filed it after the limitations period had already expired on July 1, 2019. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

On November 26, 2019, Douglas executed and filed applications for state habeas corpus relief with the trial court in both Cause

---

[25]Time Credit Dispute Resolution Form, dated August 9, 2019, Exhibit J to Petitioner's MSJ, Docket Entry No. 20, pp. 21-22.

[26]TDCJ Custodian of Offender Records Time Credit Dispute Resolution, Exhibit I to Petitioner's MSJ, Docket Entry No. 20, p. 20.

No. 614158 and Cause No. 610086.[27]  The Texas Court of Criminal Appeals denied both applications on May 6, 2020, based on findings made by the trial court and after an independent review of the record.[28]  Because these applications were also filed after the federal limitations period had already expired, they do not have any tolling effect for purposes of § 2244(d)(2).  See Scott, 227 F.3d at 263.

Douglas has not proposed any other basis for statutory tolling.  Because he has not established that statutory tolling is available, Douglas's untimely federal Petition must be dismissed unless an equitable basis exists to extend the statute of limitations on federal habeas review.

## C.  Equitable Tolling is Not Warranted

Equitable tolling is available at the court's discretion "only in rare and exceptional circumstances."  Jackson v. Davis, 933 F.3d 408, 410 (5th Cir. 2019) (citation and internal quotation marks omitted).  "The petitioner bears the burden of establishing that equitable tolling is warranted."  Hardy v. Quarterman, 577 F.3d

---

[27]See Application For a Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under [Texas] Code of Criminal Procedure Article 11.07 ("State Habeas Application in Cause No. 610086"), Docket Entry No. 14-15, pp. 5-20; see also Application For a Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under [Texas] Code of Criminal Procedure Article 11.07 ("State Habeas Application in Cause No. 614158"), Docket Entry No. 14-17, pp. 5-20.

[28]Action Taken on Writ No. 91,086-01, Docket Entry No. 14-11; Action Taken on Writ No. 91,086-02, Docket Entry No. 14-16.

596, 598 (5th Cir. 2009) (citation omitted). To meet this burden a petitioner must demonstrate (1) that he pursued federal review with due diligence and (2) that "'some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)).

Douglas does not dispute that he became aware of his claims when parole officials audited his sentence for parole eligibility on June 8, 2018,[29] and his eligibility for release on parole changed on July 1, 2018.[30] Likewise, Douglas does not dispute that he did not pursue a formal challenge to the calculation of his parole eligibility through the Time Credit Dispute Resolution system or in state court until after the one-year federal statute of limitations had expired on July 1, 2019. Douglas appears to seek equitable tolling on the grounds that his delay should be excused because he diligently sought review of his claims through other means during the statute of limitations period.[31] In support Douglas points to several exhibits (I, N, O, P) that are attached to Petitioner's MSJ.[32] These exhibits are summarized below in chronological order.

---

[29]Petition, Docket Entry No. 1, p. 10 (stating that he has been trying to resolve the error in the execution of his sentence since the audit by parole officials on June 8, 2018).

[30]Valdez Affidavit, Docket Entry No. 14-17, p. 79.

[31]Petitioner's Objection, Docket Entry No. 19, pp. 2-4.

[32]Id.

-11-

Exhibit P is a letter dated July 12, 2018, from Douglas to the TDCJ State Classification and Records Office.[33] In this letter Douglas complains that he was incorrectly classified due to an error that occurred when he arrived at TDCJ on September 23, 1992, and that the mistake "hampered" voting options for his parole eligibility by the Parole Board.[34] Douglas reports that he did not receive a response to this letter.[35]

Exhibit N is an undated letter from Douglas that was received by the Harris County District Clerk's Office on October 11, 2018.[36] In this letter, Douglas expressed concern that TDCJ and Parole officials violated "Article 508.152 by not reading [the trial court's] Judgement [sic] in cause # 614158 in full detail" when he entered TDCJ on September 23, 1992.[37] Douglas argued that by failing to process or classify his sentences correctly he was harmed by the error in determining his parole eligibility.[38] Douglas asked the District Clerk's Office for "advice" and

---

[33]Letter dated July 12, 2018, to the State Classification and Records Office, Exhibit P to Petitioner's MSJ, Docket Entry No. 20, p. 31.

[34]Id.

[35]Petitioner's Objection, Docket Entry No. 19, p. 3.

[36]Letter from Douglas received by Chris Daniel, District Clerk for Harris County, on Oct. 11, 2018, Exhibit N to Petitioner's MSJ, Docket Entry No. 20, p. 25.

[37]Id.

[38]Id.

-12-

unspecified "assistance."[39]  Douglas states that he did not receive
a response to this letter.[40]

Exhibit O is a letter from the Parole Board dated March 13,
2019, in response to correspondence from Douglas dated February 23,
2019.[41]  The official who responded to Douglas's concerns about his
parole eligibility advised him that the Parole Board had no
jurisdiction over the calculation of his sentence and encouraged
him to submit separate correspondence to the TDCJ Classification
and Records Office.[42]

The record confirms that Douglas waited several months after
receipt of the March 13, 2019, letter to submit a Time Credit
Dispute Resolution Form with the "Time Section" of the TDCJ
Classification and Records Headquarters on August 9, 2019.[43]
Exhibit I is a response to that form from the TDCJ Custodian of
Offender Records that is dated August 15, 2019, rejecting the
request for review of Douglas's sentence and referencing a previous
request that Douglas had made on April 22, 2019.[44]  Douglas explains

---

[39] Id.

[40] Petitioner's Objection, Docket Entry No. 19, p. 3.

[41] Letter dated March 13, 2019, from the State of Texas Board
of Pardons and Paroles, Exhibit O to Petitioner's MSJ, Docket Entry
No. 20, pp. 29-30.

[42] Id. at 30.

[43] Time Credit Dispute Resolution Form, dated August 9, 2019,
Exhibit J to Petitioner's MSJ, Docket Entry No. 20, p. 21.

[44] TDCJ Custodian of Offender Records Time Credit Dispute
Resolution, Exhibit I to Petitioner's MSJ, Docket Entry No. 20,
p. 20.

-13-

that he previously sought review through the Time Credit Dispute Resolution system on April 22, 2019, concerning "jail time" credit that he was owed.[45]  Douglas notes that an offender may only submit one Time Credit Dispute Resolution form per year.[46]   Although Douglas appears to reason that this impediment should excuse his delay, he fails to explain why he did not file a Time Credit Dispute Resolution request followed by a state habeas corpus application immediately after his sentence was adjusted and his parole eligibility date changed in June of 2018.

The chronology established by Douglas's exhibits does not demonstrate that he pursued habeas review of his claims with the requisite diligence because there are periods of substantial delay. The Fifth Circuit has made clear that "delays of the petitioner's own making do not qualify" for equitable tolling.  Hardy, 577 F.3d at 598 (quoting In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006)). Although Douglas represents himself, a prisoner's pro se status, incarceration, and ignorance of the law do not excuse his failure to file a timely petition and are not grounds for equitable tolling.  See Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling).

---

[45]Id.

[46]Petitioner's Objection, Docket Entry No. 19, pp. 2-3.

-14-

The court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court, but the record does not disclose exceptional circumstances that would warrant equitable tolling. See Felder, 204 F.3d at 173. Because Douglas fails to establish that any exception to the AEDPA statute of limitations applies, the Respondent's MSJ will be granted, and the Petition will be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

## D. Alternatively, Douglas's Claims Fail For Other Reasons

Douglas has filed a motion for summary judgment on his own behalf, arguing that he is entitled to prevail on his claims.[47] A habeas corpus petition filed by a state prisoner may not be granted in federal court unless the petitioner has first "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To the extent that Douglas's claims were adjudicated on the merits in state court, his claims are subject to review under the AEDPA, codified at 28 U.S.C. § 2254(d). A federal habeas corpus court may not grant relief under the AEDPA standard unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1).

---

[47]Petitioner's MSJ, Docket Entry No. 20, pp. 1-15.

Under this highly deferential standard, "[a] state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." Matamoros v. Stephens, 783 F.3d 212, 215 (5th Cir. 2015) (citations and internal quotation marks omitted). To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." Woods v. Donald, 135 S. Ct. 1372, 1376 (2015) (quoting White v. Woodall, 134 S. Ct. 1697, 1702 (2014)). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Id. (quoting Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011)).

The respondent argues that Douglas's first claim for relief is unexhausted and procedurally barred as a result.[48] The respondent argues further that the rest of Douglas's claims are without merit.[49] The parties' arguments are addressed briefly below under the deferential AEDPA standard of review.

---

[48]Respondent's MSJ, Docket Entry No. 16, pp. 9-11.

[49]Id. at 11-17.

1. Douglas's Guilty Plea in Cause No. 614158 (Claim One)

In his first claim for relief Douglas contends that the error by prison officials in treating his sentence in Cause No. 614158 as concurrent caused his guilty plea in that case to become invalid because doing so breached his plea agreement with the State.[50] Douglas concedes that this claim is unexhausted,[51] which constitutes a procedural default. See Fearance v. Scott, 56 F.3d 633, 642 (5th Cir. 1995). Other than pointing to his pro se status, Douglas does not allege a cause for his default, and he does not demonstrate that the inadvertent error by prison officials in calculating his sentence breached the plea agreement he made with prosecutors in Cause No. 614158.[52] Because Douglas does not establish cause or

---

[50]Petition, Docket Entry No. 1, p. 6.

[51]Id. at 9; Petitioner's MSJ, Docket Entry No. 20, p. 6.

[52]According to the plea paperwork in the state court record, Douglas knew that the 25-year sentence that he was to receive in exchange for his guilty plea in Cause No. 614158 would be "stacked" with is life sentence. See Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, Docket Entry No. 14-17, p. 99; Admonishments, Docket Entry No. 14-17, p. 101. Although Douglas cites three state court decisions in support of his claim, none of these cases establish that inadvertent error by prison officials in calculating the stacked sentences vitiates a plea agreement or an otherwise voluntary and knowing guilty plea. See Petitioner's Memorandum, Docket Entry No. 2, p. 3 (relying on Ex parte Pruitt, 689 S.W.2d 905, 907 (Tex. Crim. App. 1985) (holding that a defendant's plea was involuntary where the terms of the plea bargain were impossible to fill); Ex parte Rogers, 629 S.W.2d 741, 742 (Tex. Crim. App. 1982) (holding that a defendant's guilty plea was unlawfully induced by a promise of probation that was unenforceable); Bass v. State, 576 S.W.2d 400, 401-02 (Tex. Crim. App. 1979) (allowing a defendant to withdraw his guilty plea after the prosecutor sought the maximum sentence after he agreed to make no recommendation at sentencing).

show that a fundamental miscarriage of justice will result from failing to consider this claim, he does not overcome the procedural bar. See Coleman v. Thompson, 111 S. Ct. 2546, 2565 (1991). Therefore, the respondent is entitled to summary judgment on this issue.

### 2. Validity of the Cumulation Order (Claim Two)

In his second claim for relief Douglas contends that the cumulation order found in the judgment in Cause No. 614158, which stated that his 25-year sentence would not begin until the life sentence in Cause No. 610086 ceased to operate, is invalid because it conflicted with the way in which parole officials reviewed his eligibility for parole.[53] This claim was raised and rejected on state habeas corpus review, where the trial court found that Douglas failed to meet his burden to plead and prove that he was entitled to relief.[54] The Texas Court of Criminal Appeals conducted an independent review of the record and summarily denied relief.[55]

In support of his claim Douglas references Ex parte Lewis, 414 S.W.2d 682 (Tex. Crim. App. 1967), which discusses the sufficiency of a trial court's cumulation order under Texas law.[56] However,

---

[53]Petition, Docket Entry No. 1, p. 6.

[54]See State's Proposed Findings of Fact and Conclusions of Law and Order ("Findings and Conclusions"), Docket Entry No. 14-17, pp. 95, 96.

[55]See Action Taken on Writ No. 91,086-02, Docket Entry No. 14-16.

[56]Petitioner's Memorandum, Docket Entry No. 2, p. 3.

Douglas does not demonstrate that the cumulation order entered in this case, which was entered by the same trial court that presided over both of Douglas's aggravated robbery cases and specifically references the sentences in Cause Nos. 614158 and 610086, was deficient. See Ex parte San Migel, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998) (observing that where a cumulation order is made in the same court in which the prior sentence was imposed, the order is sufficient when it contains only the previous cause number) (citing Ex parte Lewis, 414 S.W.2d 682 (Tex. Crim. App. 1967)).

Douglas provides no other authority to support his claim that inadvertent error in the administration of a sentence by prison or parole officials invalidates a trial court's judgment.[57] Because Douglas does not demonstrate that the state court's decision to reject this claim was contrary to or an unreasonable application of clearly established federal law, he does not meet his burden to show that he is entitled to federal habeas corpus relief under the governing standard. See 28 U.S.C. § 2254(d)(1). Accordingly, the respondent is entitled to summary judgment on this claim.

3. Douglas's Time Calculation (Claim Three)

In his third claim for relief Douglas alleges that TDCJ and parole officials failed to calculate his time correctly and

---

[57]The only other decision referenced by Douglas is similarly unhelpful to him. See Petitioner's Memorandum, Docket Entry No. 2, p. 3. That decision, United State v. Setser, 607 F.3d 128, 132 (5th Cir. 2010), discusses whether a federal sentence is too ambiguous or self-contradictory to be enforced, observing that "[c]riminal sentences must 'reveal with fair certainty the intent of the court to exclude any serious misapprehensions by those who must execute them'" (citation omitted).

-19-

negligently determined that he was eligible to participate in a parole program.[58] Douglas's claim about the calculation of his time credits for parole review was also rejected on state habeas corpus review, where the trial court considered the affidavit from Charley Valdez about the manner in which Douglas's sentence was calculated.[59] The Texas Court of Criminal Appeals conducted an independent review of the record and denied relief based on the trial court's findings, which are based on state law.[60]

It is not the function of a federal habeas corpus court to review a state court's interpretation of its own laws. See Arnold v. Cockrell, 306 F.3d 277, 279 (5th Cir. 2002) (per curiam) ("We will take the word of the highest court on criminal matters of Texas as to the interpretation of its law, and we do not sit to review that state's interpretation of its own law.") (quoting Seaton v. Procunier, 750 F.2d 366, 368 (5th Cir. 1985)). Douglas's contention that parole officials erred by applying an incorrect policy when calculating his parole eligibility does not state an actionable claim on federal habeas review. See Estelle v. McGuire, 112 S. Ct. 475, 480 (1991) (observing that "federal habeas corpus

---

[58]Petition, Docket Entry No. 1, p. 7.

[59]Valdez Affidavit, Docket Entry No. 14-17, pp. 85-88; Findings and Conclusions, Docket Entry No. 14-17, pp. 93-94.

[60]Findings and Conclusions, Docket Entry No. 14-17, p. 95 (citing Tex. Gov't Code § 508.150(b) and Ex parte Kuester, 21 S.W.3d 264, 271 (Tex. Crim. App. 2000)); Action Taken on Writ No. 91,086-02, Docket Entry No. 14-16.

relief does not lie for errors of state law"). Douglas does not otherwise demonstrate that the state court's decision to reject this claim was an unreasonable application of clearly established Supreme Court precedent under 28 U.S.C. § 2254(d)(1). For additional reasons articulated by the respondent, this claim is without merit.[61] Accordingly, the respondent is entitled to summary judgment on this claim.

4.   Douglas's Remaining Claims (Claims Four and Five)

In his fourth and fifth claims for relief Douglas contends that the error in processing his sentence in Cause No. 614158 violated a constitutionally protected liberty interest in obtaining release on parole, which implicated his right to due process and equal protection.[62] The claims were rejected on state habeas corpus review, where the trial court observed that parole in Texas is discretionary and that there is no entitlement to parole.[63] As a result, the state habeas corpus court concluded that Douglas was not denied the right to due process or equal protection when officials reclassified his sentence based on the judgment of conviction in Cause No. 614158.[64]

---

[61]Respondent's MSJ, Docket Entry No. 16, pp. 13-17.

[62]Petition, Docket Entry No. 1, pp. 7, 8.

[63]Findings and Conclusions, Docket Entry No. 14-17, p. 95.

[64]Id.

The respondent argues that Douglas's due process and equal protection claims are not cognizable because there is no constitutional right to be released on parole before the expiration of a valid sentence.[65] See Board of Pardons v. Allen, 107 S. Ct. 2415, 2421 n.10 (1987) (noting that "statutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest"); Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 99 S. Ct. 2100, 2105 (1979) (holding that a statute which "provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process").

The Fifth Circuit has recognized that the Texas parole statutes create no constitutional right to release on parole because they encourage no expectancy of early release. See Williams v. Briscoe, 641 F.2d 274, 277 (5th Cir. 1981) (holding that the Texas parole statute "does not create [a] protectible expectancy of release"); see also Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995) ("Texas law does not create a liberty interest in parole that is protected by the Due Process Clause") (citations omitted). Thus, Texas inmates "have no protected liberty interest in parole." Johnson v. Rodriquez, 110 F.3d 299, 308 (5th Cir. 1997). Absent a protected liberty interest in parole, the Fifth

---

[65]Respondent's MSJ, Docket Entry No. 16, pp. 11-12.

Circuit has emphasized that a Texas prisoner cannot challenge any state parole review procedure on procedural or substantive due process grounds. Id. (citations omitted). Accordingly, the respondent is entitled to summary judgment on these claims. Because Douglas does not establish that he has a valid claim for relief, the Petition will be dismissed with prejudice and Petitioner's MSJ will be denied.

## E. Douglas's Motions for an Evidentiary Hearing and Judicial Notice of Adjudicative Facts

Douglas requests an evidentiary hearing, but he does not demonstrate that he is entitled to one under the criteria found in the governing statute. See 28 U.S.C. § 2254(e)(2). Accordingly, his Motion Requesting an Evidentiary Hearing will be denied.

Douglas has also asked the court to take judicial notice of adjudicative facts in an effort to refute findings and conclusions made by the state habeas corpus court.[66] The "facts" alluded to in his motion consist of a series of questions that Douglas would like the Parole Board or prison officials to answer.[67] The facts that Douglas would like to establish are reasonably capable of dispute and, in addition, several of the questions necessarily entail legal conclusions. Thus, the facts asserted are not capable of judicial

---

[66]Motion Requesting Judicial Notice of Adjudicative Facts, Docket Entry No. 11, pp. 1-3.

[67]Id. at 2.

notice.[68] As a result, Douglas's Motion Requesting Judicial Notice of Adjudicative Facts will also be denied.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604. Because this court concludes that jurists of

---

[68]Rule 201 of the Federal Rules of Evidence provides that a court may take judicial notice of an "adjudicative fact" if the fact is "not subject to reasonable dispute" in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned. Fed. R. Evid. 201(a)&(b).

reason would not debate whether the Petition is untimely or whether the petitioner has established a valid claim, a certificate of appealability will not issue.

## IV.   Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1.    Respondent's Motion for Summary Judgment (Docket Entry No. 16) is **GRANTED**.

2.    The Petition for a Writ of Habeas Corpus By a Person in State Custody under 28 U.S.C. § 2254 filed by Roderick Bernard Douglas (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

3.    A certificate of appealability is **DENIED**.

4.    Douglas's Motion Requesting an Evidentiary Hearing (Docket Entry No. 10), the Motion Requesting Judicial Notice of Adjudicative Facts (Docket Entry No. 11), and Petitioner's [Motion for] Summary Judgment (Docket Entry No. 20) are **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 12th day of February, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE