United States District Court
Southern District of Texas
**ENTERED**
April 07, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODERICK BERNARD DOUGLAS, TDCJ #623071, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-20-2380 |
| BOBBY LUMPKIN, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § § | APPEAL NO. 21-20119 |
| Respondent. | § | |

## ORDER

On February 12, 2021, the court granted the respondent's motion for summary judgment and dismissed the Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition")(Docket Entry No. 1) filed by Roderick Bernard Douglas as untimely under the governing statute of limitations and, alternatively, for lack of merit. See Memorandum Opinion and Order, Docket Entry No. 21, pp. 1-25. Douglas has filed a Notice of Appeal from that decision (Docket Entry No. 23), which is pending before the United States Court of Appeals for the Fifth Circuit. Invoking Rule 60(a) and Rule 60(b)(6) of the Federal Rules of Civil Procedure, Douglas has now filed a Motion Requesting Rehearing/Reconsideration of Final Order of the Misinterpretation of Facts for Statutory/Equitable Tolling, Claim 5 ("Motion for Reconsideration") (Docket Entry No. 26). The Motion for Reconsideration will be denied for the reasons set forth below.

Douglas sought relief in this case from an adverse decision that was made by prison officials in 2018, regarding the calculation of his sentence for purposes of parole eligibility (Docket Entry No. 1, pp. 6-8). Douglas executed his federal habeas Petition on June 22, 2020 (Id. at 11). The court determined that the statute of limitations found in 28 U.S.C. § 2244(d)(1)(D) began to run on July 1, 2018, and expired one year later on July 1, 2019, meaning that Douglas's Petition was nearly one year late (Docket Entry No. 21, p. 8). The court found that statutory tolling was unavailable because Douglas did not pursue state post-conviction or other collateral review of the challenged decision until after the limitations period had already expired (Id. at 9-10). After considering several exhibits submitted by Douglas (Exhibits I, N, O, and P), the court concluded that equitable tolling was also unavailable because Douglas failed to establish that he pursued habeas relief with the requisite due diligence (Id. at 11-14). The court further determined that Douglas was not entitled to relief for alternative reasons because none of his claims had merit (Id. at 15-23).

Douglas now argues that he is entitled to relief from the final judgment under Rule 60(a) and Rule 60(b)(6) because the court misinterpreted "the value" of a letter that was submitted as "Exhibit N" (Docket Entry No. 26, p. 1). In that letter, which was received by the Harris County District Clerk's Office on October

11, 2018, Douglas requested advice or assistance regarding the calculation of his prison sentence (Docket Entry No. 20, pp. 25-27). Douglas contends that this court mistakenly characterized the letter as a request for advice from the Harris County District Clerk's Office (Docket Entry No. 26, p. 2) (referencing the Memorandum Opinion and Order, Docket Entry No. 21, p. 12). Noting that his request for assistance was addressed to "the trial court," and not the Harris County District Clerk's Office, Douglas contends that the letter warrants both statutory and equitable tolling of the federal habeas limitations period (Docket Entry No. 26, pp. 2-3). Douglas also seeks reconsideration based on his contention that one of his claims ("Claim 5"), which sought relief from the adverse parole decision for an equal protection violation, was not addressed (Id. at 3).

Under Rule 60(a), a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Douglas does not claim that there was a clerical mistake and he does not demonstrate that an error of omission occurred in connection with the court's dismissal of his habeas action. To the extent that Douglas contends that Claim 5 was not addressed by this court, he is mistaken. See Memorandum Opinion and Order, Docket Entry No. 21, pp. 21-23 (concluding that Douglas was not entitled to relief on Claims 4 and 5 because he failed to establish a due

process or equal protection violation).[1] Therefore, Douglas does not show that Rule 60(a) applies. See Jones v. Anderson-Tully Co., 722 F.2d 211, 212-12 (5th Cir. 1984) (distinguishing clerical mistakes that can be corrected under Rule 60(a) from errors of substantive judgment).

Douglas also moves for reconsideration under Rule 60(b)(6), which authorizes relief from a final judgment only where the movant can show that "extraordinary circumstances" exist. In re Edwards, 865 F.3d 197, 205 (5th Cir. 2017) (citing Gonzalez v. Crosby, 125 S. Ct. 2641 (2005)). To the extent that Douglas claims he was wrongfully denied statutory and equitable tolling of the statute of limitations on federal habeas review, Douglas fails to demonstrate that extraordinary circumstances exist or that he is entitled to relief under Rule 60(b)(6) because he does not show that this court's characterization of the letter found in Exhibit N was an error that warrants a different result.

Statutory tolling of the federal habeas limitations period is available under 28 U.S.C. § 2244(d)(2) for the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending in state court. The court found that

---

[1] To the extent that Douglas appears to claim that his equal protection claim was not addressed in state court, the record also refutes this claim. See State's Proposed Findings of Fact and Conclusions of Law, Docket Entry No. 14-17, p. 95 ("The applicant fails to prove he has been denied due process or equal protection by the reclassification of his sentence as consecutive, as ordered on his judgment of conviction.").

4

Douglas was not entitled to statutory tolling because, although he filed an application for review by the TDCJ Time Credit Dispute Resolution system and a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure, both applications were filed after the federal habeas limitations period had already expired on July 1, 2019 (Docket Entry No. 21, pp. 8-9) (citing Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000)).

The letter that was received by the Harris County District Clerk's Office and filed with the trial court on October 11, 2018, does not qualify for statutory tolling under 28 U.S.C. § 2244(d)(2) because it was not a "properly filed application for [s]tate post-conviction or other collateral review." The Supreme Court has held that such an application is "properly filed" for purposes of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 121 S. Ct. 361, 364 (2000). In other words, "a properly filed [state] application [for collateral review] is one submitted according to the state's procedural requirements." Causey v. Cain, 450 F.3d 601, 605 (5th Cir. 2006) (quoting Lookingbill v. Cockrell, 293 F.3d 256, 260 (5th Cir. 2002)). A prisoner's letter or correspondence does not qualify as an application for state collateral review under Texas law, which requires such applications to follow a particular form. See Tex. R. App P. 73.1(a); see also North v. Davis, 800 F. App'x 211, 213-14 (5th Cir. 2020) (per

5

curiam) (holding that a document that was not filed in compliance with Rule 73.1 was not "properly filed" for purposes of statutory tolling under § 2244(d)(2)); Stribling v. Davis, No. 3:18-cv-1367, 2019 WL 462510, at *3 (N.D. Tex. Jan. 16, 2019) (concluding that letters and correspondence from the petitioner to the clerk's office failed to qualify for statutory tolling). Under these circumstances, Douglas does not demonstrate that he is entitled to statutory tolling for any other reason.

A petitioner may be entitled to equitable tolling of the limitations period if he demonstrates (1) that he pursued federal review with due diligence and (2) that "'some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)). Douglas does not establish that he sought habeas review with the requisite due diligence or that equitable tolling is available for reasons discussed previously in the court's Memorandum Opinion and Order (Docket Entry No. 21, pp. 11-14). Because Douglas fails to show that the court erred in determining that his Petition was subject to dismissal, he does not demonstrate that he is entitled to relief under Rule 60(b) or any other theory.

Accordingly, the court **ORDERS** as follows:

1. The Motion for Reconsideration filed by Roderick Bernard Douglas (Docket Entry No. 26) is **DENIED**.

    2.    No certificate of appealability will issue from this decision.

The Clerk will provide a copy of this Order to the parties of record.

**SIGNED** at Houston, Texas, on this 7th day of April, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE